## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MICHAEL A. KYLE,**

    **Plaintiff,**

**v.**                                                                         Case No. 8:13-cv-988-T-30TBM

**VERIZON SERVICES OPERATIONS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Dkt. 7). The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be granted.

## DISCUSSION

*Pro se* Plaintiff Michael A. Kyle filed this employment action against Defendant Verizon Services Operations premised on, what appears to be, discrimination and retaliation due to Kyle's alleged disability. The complaint identifies "Verizon Services Operations" as the Defendant. However, as the instant motion points out, Verizon Services Operations is not a legal entity and did not employ Kyle. Rather, as identified in the EEOC's Dismissal and Notice of Rights, which is attached to the complaint, Verizon Florida LLC is the proper Defendant. Thus, Kyle's complaint is subject to dismissal on this ground.

Kyle's complaint is also subject to dismissal on the ground that it does not comply with the pleading standards set forth in the Federal Rules of Civil Procedure. Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "even in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances.*" (emphasis added).

The complaint in its entirety fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and is also the equivalent of a "shotgun pleading" because, having reviewed the complaint, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. App'x 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading" is a pleading in which a plaintiff fails "to identify claims with sufficient clarity").

The complaint also fails to state a claim that is plausible on its face. Kyle's complaint references a variety of statutes, including Title VII, section 1981, the EPA, and the ADA, without setting forth sufficient factual allegations to support a cause of action under any of these laws. For example, Kyle does not allege a single fact suggesting that Verizon took any action against him, or that he suffered any adverse action, on the basis of his race, color, religion, sex, and/or national origin. Kyle also does not allege that he is a member of a racial minority. Further, he does not allege any facts to establish a violation of wage discrimination based on his gender. Finally, Kyle does not allege what his alleged disability is and how he was subjected to disability discrimination and retaliation.

Accordingly, Kyle's complaint must be dismissed for its failure to comport with even the most basic pleading requirements and for its failure to state an actionable claim. This dismissal is without prejudice to Kyle to amend his complaint to add the correct Defendant, i.e., Verizon Florida LLC, and to comply with the Federal Rules of Civil Procedure, as explained in this Order.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Dkt. 7) is granted.
2. This action is dismissed without prejudice.

3. Plaintiff may file an amended complaint within twenty-one (21) days of this Order; Plaintiff's failure to file an amended complaint by that time shall result in the closure of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on June 27, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-988.m2dismiss.frm